**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JORGE TORRES, § | | |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | CASE NO. 4:13-CV-140 | |
| § | | |
| LIBERTY LIFE ASSURANCE COMPANY § | | |
| OF BOSTON, § | | |
| § | | |
| *Defendant.* § | | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

On April 9, 2014, the United States Magistrate Judge issued his report and recommendation [Doc. #19], this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. The Magistrate Judge recommended that Plaintiff's Motion for Summary Judgment [Doc. #11] be denied, and Defendant's Motion for Summary Judgment [Doc. #12] be granted.

Plaintiff Jorge Torres commenced this action against Defendant, Liberty Life Assurance Company of Boston, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B),[1] alleging that Defendant wrongfully denied his claim for long-term disability ("LTD") benefits under the disability insurance policy (the "Baxter LTD Plan") purchased by his employer, Baxter International, Inc./Baxter Healthcare S.A. ("Baxter") [Doc. #1]. After reviewing the briefing of the parties, the Magistrate Judge concluded that

---

[1] ERISA § 1132(a)(1)(B) provides that "[a] civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

1

Defendant's decision was not an abuse of discretion and was supported by substantial evidence in the administrative record.

On April 21, 2014, Plaintiff filed his objections to the report and recommendation of the Magistrate Judge [Doc. #21]. On April 30, 2014, Defendant filed its response [Doc. #22].

Plaintiff first objects that the Magistrate Judge failed to strike the affidavit of Heather Heins ("Heins"). Plaintiff objected to the Heins affidavit as self-serving and stated that he did not have an opportunity to depose Heins. Plaintiff contends that Defendant had a conflict of interest in this case, and that fact should have been weighed against the decision of Defendant. In his report and recommendation, the Magistrate Judge noted that Plaintiff did not seek written discovery or depositions in this matter, and that Heins was identified as a person with knowledge of relevant facts [Doc. #19 at 11 n.2]. The Magistrate Judge found that Plaintiff had ample opportunity to depose Heins, and chose not to do so. *Id*. Plaintiff claims that he was never made aware of the existence of Heins prior to Defendant's summary judgment motion; however, Defendant's initial disclosures attached to its response to Plaintiff's objections demonstrate otherwise [Doc. #22, Ex. 1]. Heins was disclosed to Plaintiff as a person with knowledge, and Defendant sent its disclosures to Plaintiff six months prior to the date Plaintiff filed his summary judgment motion. Thus, Plaintiff cannot complain that he did not have an opportunity to depose Heins. Additionally, the Magistrate Judge noted that Plaintiff presented no evidence to demonstrate that Defendant acted in a biased manner when it considered Plaintiff's claims. For these reasons, Plaintiff's objection is overruled.

Plaintiff next objects that the Magistrate Judge failed to consider the two additional job descriptions submitted by Plaintiff from the Dictionary of Occupational Titles ("DOT"). The Magistrate Judge agreed with Defendant's argument that this evidence should not be considered

because it was not provided to Defendant prior to the summary judgment motion and was not included in the administrative record. Plaintiff essentially argues that it is unfair for the Magistrate Judge to consider the affidavit of Heins, which was also not in the administrative record, but not to consider the additional job descriptions submitted by Plaintiff. As the Magistrate Judge noted, "[a] long line of Fifth Circuit cases stands for the proposition that, when assessing factual questions, the district court is constrained to the evidence before the plan administrator." *Robinson v. Aetna Life Ins. Co.,* 443 F.3d 389, 394 (5th Cir. 2006) (finding a DOT entry evidence that addresses a "factual question") (citing *Vega v. Nat'l Life Ins. Servs. Inc.*, 188 F.3d 287, 299 (5th Cir. 1999)). The Magistrate Judge acknowledged that this question was a factual issue, and the evidence was not before the plan administrator in making its decision regarding Plaintiff's benefits. Thus, the job descriptions are not comparable to the affidavit of Heins, which did not involve a factual issue regarding the decision on benefits reached by the plan administrator, but rather set out the undisputed procedures for which Defendant used to limit its conflicts of interests. However, putting that argument aside, the Magistrate Judge went on to state that "even if the Court did consider the evidence, the Court is not convinced that these positions more accurately reflect Plaintiff's job description" [Doc. #19 at 16]. The Magistrate Judge found that these job descriptions did not resemble Plaintiff's job as it was describe and performed, and, thus, did not consider Plaintiff's additional job descriptions. Plaintiff does not object to the Magistrate Judge's findings that these two descriptions do not match Plaintiff's job duties. Thus, Plaintiff's objection is overruled.

Plaintiff next objects that the Magistrate Judge considered the statements in the report of Dr. Timothy S. O'Donnell ("Dr. O'Donnell"), wherein he discusses a telephone conversation he had with Plaintiff's treating physician, Dr. Shahrukh Kureishy ("Dr. Kureishy"). In that

conversation, Dr. O'Donnell asserts that Dr. Kureishy stated that Plaintiff would be "capable of a sedentary job in a clean environment, and that his oxygen levels are normal at rest" [Doc. #21 at 6]. Plaintiff contends that Dr. Kureishy's statement contradicts the prior written medical records by Dr. Kureishy, and that if Plaintiff's oxygen levels are only normal at rest, then that contradicts the finding that he would be able to perform a sedentary job. The Magistrate Judge concluded that this evidence should not be disregarded on the basis of hearsay, stating:

> ERISA does not require [a plan administrator] to base eligibility decisions on sworn testimony subject to cross examination. If the Plan Administrator bases its determination on a statement, the identity of the person making the statement, his or her reliability and the context in which the statement was made are all relevant factors for the reviewing court to consider. *Wade v. Hewlett-Packard Development Co. L.P.*, No. Civ.A H-04-3532, 2005 WL 3005628, at *4 (S.D. Tex. Nov. 8, 2005) (citing *Pierre v. Connecticut General Life Ins. Co./Life Ins. Co. of North America*, 932 F.2d 1552 (5th Cir. 1991)).

[Doc. #19 at 13 n.3]. The Magistrate Judge went on to find that Dr. O'Donnell is an independent physician who contacted Dr. Kureishy in connection with the preparation of a peer review. The Magistrate Judge noted that Dr. O'Donnell had no self-interest to promote with regard to Dr. Kureishy's statements, and faxed a letter to Dr. Kureishy for his review and revisions. Dr. Kureishy did not respond to the fax, and the Magistrate Judge found that Dr. O'Donnell's statements were reliable and could be considered by the court.

Additionally, the Magistrate Judge noted that the statements made by Dr. Kureishy were not the only evidence relied upon by Defendant in its decision to deny Plaintiff's claim. Corroborating evidence came from a variety of sources, including the clinical notes of Plaintiff's original treating physician, Dr. O'Donnell's independent peer review, Dr. Leonard Sonne's ("Dr. Sonne") independent peer review, and the consulting physician review by Dr. Thomas Cuevas ("Dr. Cuevas"). The Magistrate Judge concluded that "there is ample evidence in the record

from which Defendant could have determined that Plaintiff was capable of work at a sedentary level in a clean environment" [Doc. #19 at 14]. Thus, Plaintiff's objection is overruled.

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the court concludes Plaintiff's objections are without merit and are, therefore, overruled.

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. #19] is adopted. Accordingly, Plaintiff's Motion for Summary Judgment [Doc. #11] is **DENIED**, Defendant's Motion for Summary Judgment [Doc. #12] is **GRANTED**, and this case is dismissed with prejudice.

So **ORDERED** and **SIGNED** this **14** day of **August, 2014.**

_____
Ron Clark, United States District Judge